UNITED STATES DISTRICT COURT
FOR THE DISTRICT [OF COLUMBIA]

IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) FOR ACCOUNTS SERVICED BY FACEBOOK, INC.

Case: 1:18-ml-00273
Assigned To : Robinson, Deborah A.
Assign. Date : 4/11/2018
Description: Misc.

Filed Under Seal

*Reference: DOJ Ref. # CRM-182-45646-D00546; Subject Account(s): 100006156372010 and 100006591759326*

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Agreement Between the United States of America and the Republic of Poland on the Application of the Treaty Between the United States of America and the Republic of Poland on Mutual Legal Assistance in Criminal Matters signed July 10, 1996, pursuant to Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington June 25, 2003, U.S.-Poland, June 9, 2006, S. TREATY DOC. NO. 109-13 (2006) (hereinafter, the "Agreement"), to execute a request from Poland. The proposed Order would require Facebook, Inc., an online service provider located in Menlo Park, CA, to disclose subscriber and transactional records pertaining to the Facebook profiles 100006156372010 and 100006591759326, as identified in Part I of Attachment A to this application and the proposed Order, within ten days of receipt of the Order. The records and other information to be disclosed are described in Part II of Attachment A to this application and the proposed Order. In support of this application, the United States asserts:

## LEGAL BACKGROUND

1. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d) (2012). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii) (2012); *see also* 18 U.S.C. § 3512(a)(2)(B) (2012) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) (2012) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

2. Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1) (2012). This application to execute Poland's request has been duly authorized by an appropriate official of the Department of Justice, through the Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Poland in connection with a criminal investigation and/or prosecution.

---

[1] The Attorney General, through statutes and regulations, has delegated to the Office of International Affairs her authority to serve as the "Central Authority" or "Competent Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81A and 81B (2014).

3. Facebook, Inc. is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Facebook, Inc. to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (2012) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (2012) (Part II.B of Attachment A).

4. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d) (2012). Accordingly, the next section of this application sets forth specific and articulable facts that establish that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5. Authorities in Poland are investigating sexploitation offenses, which occurred between on or about March 1, 2014 to June 15, 2014, in violation of the criminal law of Poland, specifically, Article(s) 190a, 245 and 242 of the Criminal Code. A copy of the applicable law(s) is appended to this application. The United States, through the Department of Justice, Criminal Division, Office of International Affairs, received a request from Poland to provide the requested records to assist in the criminal investigation. Under the Agreement, the United States is obligated to render assistance in response to the request.

6. According to authorities in Poland, on March 30, 2014, the Victim encountered two unknown males. The men threatened to harm the victim, specifically, to "break [his] bones,"

if he did not 1) sign a notarial deed donating a part of his house to his ex-wife, 2) change his testimony in the Victim's ongoing divorce case, and 3) withdraw any cases pending before law enforcement authorities. In the weeks immediately after this encounter, the Victim received unwanted text messages and numerous calls from various unknown cell phone numbers. The victim and the authorities Suspect the Victim's ex-wife of hiring the men in order to intimidate him. Through investigation of the ex-wife's telephone records, authorities have determined that the ex-wife and the one of the Suspects communicate via telephone. Authorities have also learned that the same Suspect in the investigation communicates with the Victim's ex-wife via Facebook and that they are Facebook friends. Specifically, the Victim's ex-wife communicates with the Suspect from the Facebook profile www.facebook.com/mariola.jxyz, ID number 100006591759326 and the Suspect communicates from the Facebook profile www.facebook.com/rafal.kaczor.31, ID number 100006156372010.

7.   The accounts **100006156372010 and 100006591759326** are controlled by Facebook, Inc.

## REQUEST FOR ORDER

8.   The facts set forth in the previous section establish that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, the records and other information will help authorities in Poland identify the individual or individuals who are responsible for the events described above, and/or determine the nature and scope of the individual's or individuals' activities. Accordingly, the United States requests that Facebook, Inc. be directed to produce all items described in Part II of Attachment A to this application and the proposed Order within ten days of receipt of the Order.

9.      The United States further requests that the Order direct Facebook, Inc. not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order for two years from the date of the Court's Order. *See* 18 U.S.C. § 2705(b) (2012); 18 U.S.C. § 3512(a) (2012). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order."[2] *Id.* In addition, this Court has the authority under 18 U.S.C. § 3512(a) to issue "such orders as may be necessary to execute a [foreign] request," including an order to protect the confidentiality of the foreign request here. 18 U.S.C. § 3512(a)(1) (2012). In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation in Poland, and evidence of the offense(s) may be on the subject's computer and/or at the subject's residence. Since it would be easy for such subject to destroy any computer-based records or other physical evidence in his or her possession, disclosure of the requested Order at this time will seriously jeopardize the investigation. It may also give the subject an opportunity to flee, change patterns of behavior, or notify confederates.

10.     Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation by giving the subject an opportunity

---

[2] The government relies on § 2705(b) to seek a preclusion-of-notice order because the government is requesting only non-content information pursuant to § 2703(d), an action which is authorized by § 2703(c). *See* 18 U.S.C. § 2703(c)(1)(B) (2012) ("governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when [it] . . . obtains a court order for such disclosure under subsection (d) of this section"). Under § 2703(c), the government has no obligation to notify the subscriber. *See* 18 U.S.C. § 2703(c)(3) (2012) ("governmental entity receiving records or information under this section is not required to provide notice to a subscriber or customer").

to destroy or tamper with evidence, flee, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2)-(3), (5) (2012).

11. In addition, the two-year time period for preclusion of notice is reasonable. As explained above, these documents discuss an ongoing criminal investigation pursuant to foreign law in the requesting country. Foreign investigations are often lengthy, and the United States does not have ready access to the status of such investigations. Additionally, during the two-year time period, the United States will need to serve the production Order on Facebook, Inc., obtain Facebook Inc.'s responsive documents, resolve any issues or questions regarding the production, and send the documents to the Central Authority for mutual legal assistance requests in Poland. Poland's Central Authority then will have to provide the documents to the prosecutor and/or investigator assigned to the particular matter, who will need time to review the information provided and pursue any investigative leads, prior to disclosure of the specific assistance sought by Poland's authorities to the account holder(s).[3]

12. The United States further requests that the Court order that this application and any resulting Order be sealed for two years from the date of the Court's Order. As explained above, these documents discuss a foreign, ongoing, criminal investigation, and the prosecutor and/or investigator in Poland will need time to review the information provided and pursue any investigative leads prior to disclosure of the specific assistance sought by Poland's authorities to the general public. For these reasons, as well as the additional bases set forth in the preceding paragraph, the two-year time period also is reasonable with respect to the government's request

---

[3] With many foreign counterparts, the correspondence also may need to be translated into the recipient's language.

that this application and any resulting Order be sealed.[4] See, e.g., In re Letter of Request from the Government of France, 139 F.R.D. at 592.

          Respectfully submitted,

          JESSIE K. LIU
          UNITED STATES ATTORNEY
          D.C. Bar Number 472845

By:   /s/ Mervin A. Bourne, Jr.
       MERVIN A. BOURNE, JR.
       Assistant United States Attorney
       D.C. Bar Number 490175
       555 4th Street NW
       United States Attorney's Office
       Washington, D.C. 20530
       (202) 252-6979 telephone
       Mervin.Bourne@usdoj.gov

---

[4] When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would insure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 CONG. REC. H10,093 (2009) (statement of Rep. Schiff). Section 3512, which codified past practice in relation to the execution of foreign requests for evidence, naturally encompasses the past practice of sealing foreign requests. See, e.g., In re Letter of Request from the Government of France, 139 F.R.D. 588, 592 (S.D.N.Y. 1991) (secrecy in executing foreign request is "essential to protect the French Court's criminal investigation").

## Relevant Provisions of Poland's Criminal Code

Article 190a paragraph 1:
"Any person, who by persistent harassment of another person or persons close to him/her, gives rise to a sense of danger justified by circumstances or significantly violates his/her privacy, will be liable to 3 years imprisonment."

Article 245:
"Any person who uses violence or illegal threat to influence the witness, expert, translator, prosecutor, or the suspect, or in relation to the same violates his/ her bodily inviolability, will be liable to imprisonment of 3 months to 5 years."

Article 282:
"Any person who for the purpose of obtaining financial benefits, makes another person administer his/her own or third party's property or cease his/her business conduct by way of violence, threat to life or health, or threat against property, will be liable to imprisonment of one year to ten years.

## ATTACHMENT A

**I.    The Account**

The Order applies to certain records and information relating to the Facebook profiles 1000061563720l0 and 100006591759326 and any preservation numbers associated therewith.

**II.   Records and Other Information to Be Disclosed**

Facebook, Inc. is required to disclose to the United States the following records and other information relating to the Facebook profiles identified in Part I of this Attachment ("Account") for the time period from March 1, 2014 to June 15, 2014:

- A.  The following information about the customers or subscribers of the Account:

    1. Names (including subscriber names, user names, and screen names);
    2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
    3. Local and long distance telephone connection records;
    4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
    5. Length of service (including start date) and types of service utilized;
    6. Telephone or instrument numbers (including media access control ("MAC") addresses);
    7. Other subscriber numbers or identities (including the registration IP address); and
    8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

- B.  All records and other information (not including the contents of communications) relating to the Account, including:

    1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination IP addresses; and

  2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination e-mail addresses, IP addresses, and telephone numbers).